IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN THE MATTER OF:

Abraham A. Elkouby            CASE NO.: 14-23934-LMI
                                                  CHAPTER 7

RESPONSE TO AS THEIA LLC'S MOTION TO REOPEN CASE
AND COMPEL DEBTOR TO SURRENDER AND MOTION TO STAY
PENDING THE DECISION IN *DOLAN v. CARRINGTON MORTGAGE SERVICES*

**COMES NOW**, the Debtor, ABRAHAM A. ELKOUBY, by and through undersigned counsel, and files this Response Objecting to AS THEIA LLC's ("Creditor") Motion to Reopen Case and Compel Debtor to Surrender, and in support states:

1. On June 18, 2014, the Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code.

2. Debtor timely filed its Statement of Intention pursuant to Section 521(a)(2). Creditor was listed on Debtor's Schedule D and Statement of Intention as "Bsi Financial Services".

3. Debtor's Statement of Intention indicated Debtor's intent to surrender real property located at 210 174th Street #905, Sunny Isles Beach, FL 33160 (the "property"). Said property is properly described as:

   **Unit No. 905 Winston Towers 600 Condominium, According to the Declaration of Condominium thereof, as recorded in O.R. Book 11332, Page 2016 of the public records of Miami-Dade County.**

4. On June 16, 2014, Creditor file its Motion for Relief from the Automatic Stay [ECF No. 11]. On August 5, 2014, an Order was entered Granting Creditor's motion [ECF No. 14], which states, in part, that "the automatic stay is modified for the sole purpose of allowing Movant to complete *in rem* foreclosure relief, to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral…"

5. On August 22, 2014, Debtor's final Section 341(a) Meeting of Creditors was held and concluded. On September 26, 2014, Debtor's Discharge was entered [ECF N. 25].

6. On October 8, 2015, Creditor filed its Motion to Reopen Case and Compel Debtor to Surrender (the "Motion to Compel") [ECF No. 28]. Creditor seeks to compel Debtor to withdraw all opposition and discovery requests in Creditor's pending foreclosure action against Debtor (Case No. 2012-47030 CA 24, Miami Dade Circuit Civil Court).

7. Within Creditor's Motion to Compel, Creditor acknowledges that the Order Granting its Motion for Relief from the Automatic Stay was entered for purpose of authorizing Creditor to "continue with its foreclosure action against the Property."

8. Had Creditor sought to deny Debtor their right to due process in the foreclosure action, Creditor should have made such an intention clear in their Motion for Relief from the Automatic Stay. Debtor assuredly would have issued a proper response seeking its ability to ensure Creditor remained with its burden of proving legal standing in the lower court.

## **LEGAL ARGUMENT**

9. 11 U.S.C. § 521(a)(2)(B) states:

> (B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and
> (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

10. In *In re Kasper, 309 B.R. 82* (Bankr. D.D.C. 2004)*,* the Court interpreted § 521(2)(A) to require Debtor to "surrender to the trustee all property of the estate," and that indicating an intent to surrender on the Statement of Intention was "not intended to mean turning over physical possession to the lienholder." *Id. at* 90*.*

11. As such, when Debtor filed his Statement of Intention, he surrendered his interests to the Trustee, not to Creditor. 11 U.S.C. 554 states that "(c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this

title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." It was Trustee's duty to make a decision with the property which was in the best interest of the estate. The Trustee chose to abandon the property, reverting all ownership rights, for all intents and purposes, to the Debtor. Trustee's Report of No Distribution was filed on August 27, 2015 [ECF No. 22].

12. In *In re Plummer,* 513 B.R. 135, 143 (Bankr.M.D.Fla.2014)*, for example,* the Court determined that "'surrender' does not require the debtor to turn over physical possession of the collateral [for] the Bankruptcy Code uses the word 'deliver' when it intends physical turnover of property." Compelling the Debtor to withdraw discovery and pleadings in his foreclosure action would, in essence, compel the Debtor to turnover the property to Creditor.

13. Interpreting Debtor's intent to 'surrender' pursuant to his Statement of Intention as requiring the Debtor to deliver property to the secured creditor would "circumvent state law obligations by allowing secured creditor[s] to bypass state foreclosure requirements." *Id.* at 135 "Section 521 was not designed to provide a mechanism by which creditors may avoid obligations imposed by state law." *In re Kourogenis 09-23936-JKO* (Bankr.S.D.Fla.2009).

14. Under Florida state law, Debtor is afforded the opportunity to seek confirmation that Creditor has legal standing to seek foreclosure actions against the property. Debtor's Statement of Intention does not preclude Creditor from the requirement to meet its burden to proceed with its action. In *Kourogenis,* the Court held that "whatever the meaning of 'surrender' under Section 521, it cannot possibly mean that a party who, for instance, does not own the note and mortgage can nonetheless foreclose on the property, without the Debtor being heard, solely because the Debtor indicated an intent to surrender".

15. The Court continues that "it is not this Court's place to exercise the judicial discretion entrusted to the Circuit Court for Broward County in which the foreclosure case at issue is pending." *Id.* The Court reasoned that to do so "would be to interfere in the judicial deliberations of another sovereign and would turn federalism on its head." *Id.* The Court went on to state that "just as federal courts

below the Supreme Court cannot act in an appellate capacity over state court judgments under the *Rooker–Feldman* Doctrine, so too are federal courts without jurisdiction to intervene in pending state court litigation to tell the state court how or if it should exercise its judicial discretion in cases pending before it." *Id.*

16. Creditor is seeking the bankruptcy Court to prosecute its case on its behalf by compelling Debtor to cease all discovery in the foreclosure action, effectively eliminating Creditor's requirement of meeting its legal standing. "This Court rejects the notion that it can act as a quasi-theatrical *deus ex machina* to intervene in pending state court proceedings to "solve" them on behalf of a lender who has to date been unable to complete a foreclosure." *Id.*

17. Creditor has relied on the decision made by Judge Hyman in *In re Failla, Case No. 11-34224-PGH (Bankr. S.D. Fla. 2011)* and asserts that this case is factually similar. Debtor disagrees with this assertion. The Debtor in *Failla* surrendered the homestead property and utilized the wild card exemption, restricting assets which would have benefitted the estate. In this instant case, Debtor did not take advantage of the wildcard exemption.

18. The holdings in *Rodriguez* and *Trussel*, note that "even in a case where the debtor indicates an intent to surrender the property in its petition and then fails to do so, the remedy would be stay relief and not a bar by injunction to defending a foreclosure action which would be unconstitutional, inequitable and unjust." See *In re Genny Rodriguez*, Case No. 12-12043-AJC (Bankr. S.D. Fla. 2015) (relying in part on *In re Trussel*, No. 2015 WL 1137680, at *1 (Bankr. N.D. Fla. Mar. 5, 2015).

19. It is important when attempting to ascertain to whom the benefit of 'surrender' inures, one must look to the plain language of the statutes themselves. *See In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010) (holding in-part the starting point for all statutory interpretation is the language of the statute itself); *See also Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 129 S.Ct. 1896, 1902 n. 6, 173 L.Ed.2d 832 (2009) ("It is not our role to conform an unambiguous statute to what we think Congress probably intended"). When confronted with the language of 11 USC §521(a)(4); §521(a)(2)(B); §704(a)(1); §704(a)(3), and §554(c), one finds that it

is the trustee to whom the *surrender* applies, for it is her interest in the estate, which controls.

20. Lastly, the scope of a surrender in a Chapter 7 bankruptcy case pursuant to 11 U.S.C. §521, is under review by the United States District Court in *Dolan v. Carrington Mortgage Services*, Case No. 9:15-CV-80879-DMM (S.D. Fla 2015). Federal district courts possess "general discretionary power" to stay proceedings "in the interests of justice and in control of their dockets." *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544–45 (11th Cir. 1983); As such, the Debtor requests that the Bankruptcy Court issue a stay until such time as the District Court renders its decision resolving the discrepancies of just where exactly the scope of surrender reaches.

**WHEREFORE,** the Debtor, ABRAHAM A. ELKOUBY, seeks the entry of an Order denying AS THEIA LLC's Motion to Reopen and to Compel Debtor to Surrender, or, in the alternative, an Order Staying this instant case pending appeal and allowing Debtor to amend his Statement of Intention, and for any other relief deemed just and proper.

Submitted by:
Loan Lawyers, LLC
/s/ Matis H. Abarbanel
Matis H. Abarbanel, Esq.
Attorney for Debtors
Florida Bar No. 130435
Rachamin Cohen, Esq.
Florida Bar No. 0096305
Michael A. Citron, Esq.
Florida Bar No. 105083
Loan Lawyers, LLC.
2150 S. Andrews Avenue
Second Floor
Fort Lauderdale, FL 33316

## CERTIFICATE OF SERVICE

I, Matis H. Abarbanel, Attorney for Debtor(s), ABRAHAM A. ELKOUBY, hereby certify that on November 6, 2015, I electronically filed the Debtor(s) Response to AS THEIA LLC's Motion to Reopen and Compel Debtor to Surrender with the United States Bankruptcy Court for the Southern District of Florida using the CM/ECF System. I have served the foregoing documents on the following CM/ECF participants:

**John C. Brock, Esq.**  jbrock@solomonlaw.com, bankruptcy@solomonlaw.com
**Ross R Hartog**  rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com
**Office of the US Trustee**  USTPRegion21.MM.ECF@usdoj.gov

I certify that on November 6, 2015 I have mailed via first-class mail postage prepaid, the documents electronically filed with the Court on the parties listed on the attached matrix.

        Submitted by:
        Loan Lawyers, LLC
        /s/ Matis H. Abarbanel
        Matis H. Abarbanel, Esq.
        Attorney for Debtors
        Florida Bar No. 130435
        Rachamin Cohen, Esq.
        Florida Bar No. 0096305
        Michael A. Citron, Esq.
        Florida Bar No. 105083
        Loan Lawyers, LLC.
        2150 S. Andrews Avenue
        Second Floor
        Fort Lauderdale, FL 33316

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 14-23934-LMI<br>Southern District of Florida<br>Miami<br>Fri Nov  6 16:56:55 EST 2015 | AS Theia LLC<br>C/O Solomon Law Group 1881 W. Kennedy<br>Tampa, fl 33606-1611 | Albertelli Law<br>Po Box 23028<br>Tampa, FL 33623-2028 |
| (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Bank United FSB<br>7815 NW 148 Street<br>Miami Lakes, FL 33016-1554 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Blaxberg, Grayson, Kukoff & Strauss, P.A<br>25 S.E. 2nd Avenue<br>Suite 730<br>Miami, FL 33131-1696 | Brock & Scott, PLLC<br>1501 NW 49th Street<br>Suite 200<br>Fort Lauderdale, FL 33309-3723 | Bsi Financial Services<br>314 S Franklin St<br>Titusville, PA 16354-2168 |
| Butler & Hosch, P.A.<br>3185 S. Conway Road<br>Suite E<br>Orlando, FL 32812-7349 | CCB Credit Services, Inc.<br>P.O. Box 272<br>Springfield, IL 62705-0272 | Capital One<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 |
| Chase<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Chase Home Finance<br>P.O. Box 24696<br>Columbus, OH 43224-0696 | Commercial Services Group<br>2401 Stanley Gault Parkway<br>Louisville, KY 40223-4175 |
| De Beaubien, Knight, Simmons<br>Mantzaris & Neal, LLP<br>P.O. Box 87<br>322 North Magnolia Avenue<br>Orlando, FL 32801-1609 | Enhanced Recovery Co L<br>8014 Bayberry Rd<br>Jacksonville, FL 32256-7412 | Equity One Inc<br>c/o Greenberg Grant & Richards, Inc<br>5858 Westheiner Rd, Ste 500<br>Houston, TX 77057-5645 |
| Florida Default Law Group<br>P.O. Box 25018<br>Tampa, FL 33622-5018 | Glazer & Associates, P.A.<br>counsel for the Plaintiff<br>One Emerald Place<br>3113 Stirling Road, Suite 201<br>Hollywood, FL 33312-6547 | Infiniti Financial Services<br>5300 S 6th Street<br>Springfield, IL 62703-5184 |
| Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 | Jonathan Weiss, Esq.<br>Attorney for Plaintiff<br>9150 South Dadeland Blvd<br>Suite 1400<br>Miami, FL 33156-7855 | Jonathan Weiss, Esq.<br>Cole, Scott & Kissane, Esq.<br>9150 S. Dadeland Blvd #1400<br>Miami, FL 33156-7855 |
| Midland Funding<br>8875 Aero Dr Ste 200<br>San Diego, CA 92123-2255 | Newbury Place REO IV<br>314 S.Franklin Street<br>Titusville, PA 16354-2168 | Nissan-Infiniti Lt<br>POB 660360<br>Dallas, TX 75266-0360 |
| Northland Group Inc.<br>PO Box 390846<br>Minneapolis, MN 55439-0846 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Pinnacle Credit Servic<br>7900 Highway 7 # 100<br>Saint Louis Park, MN 55426-4045 |

| | | |
|---|---|---|
| Portfolio Recovery Ass<br>120 Corporate Blvd Ste 1<br>Norfolk, VA 23502-4962 | Smith, Hiatt & Diaz, P.A.<br>POB 11438<br>Fort Lauderdale, FL 33339-1438 | Space Coast Credit Union<br>POB 419001<br>Melbourne, FL 32941-9001 |
| Sterling Payment Technologies, LLC<br>1111 N. Westshore Blvd, Ste 500<br>Tampa, FL 33607-4713 | Suzanne Rappaport<br>250 174 Street #1804<br>Sunny Isles Beach, FL 33160-3352 | Synergetic Communication, Inc<br>2700 East Seltice Way<br>#4<br>Post Falls, ID 83854-6387 |
| T-Mobile<br>PO Box 790047<br>Saint Louis, MO 63179-0047 | The Miami Sandpiper Condominium Assoc.<br>Goldberg, Sheldon<br>4800 N. State Rd. #105<br>Fort Lauderdale, FL 33319 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 |
| Wahovia Mortgage Corp.<br>P.O. Box 3117<br>Winston Salem, NC 27102-3117 | Winston Towers 600 Condo Assoc<br>P.O. Box 628207<br>Orlando, FL 32862-8207 | Winston Towers 700<br>P.O. Box 628207<br>Orlando, FL 32862-8207 |
| Abraham A Elkouby<br>210 174th St, Apt 905<br>Sunny Isles, FL 33160-3339 | Matis H Abarbanel<br>Loan Lawyers, LLC<br>2150 S. Andrews Avenue<br>Second Floor<br>Ft. Lauderdale, FL 33316-3432 | Ross R Hartog<br>9130 S Dadeland Blvd # 1800<br>Miami, FL 33156-7858 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| American Honda Finance<br>Po Box 1027<br>Alpharetta, GA 30009 | Bank of America<br>4161 Piedmont Parkway<br>Greensboro, NC 27410 | (d)Honda Financial Services<br>POB 105027<br>Atlanta, GA 30348 |
| U S Bank<br>101 5th St E Ste A<br>Saint Paul, MN 55101 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Miami | (d)Capital One<br>POB 30285<br>Salt Lake City, UT 84130-0285 | (d)Florida Default Law Group<br>PO box 25018<br>Tampa, FL 33622-5018 |

```
End of Label Matrix
Mailable recipients    44
Bypassed recipients     3
Total                  47
```