**Tagged opinion**



ORDERED in the Southern District of Florida on February 29, 2016.

        **Laurel M. Isicoff, Judge**
        **United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                                              CASE NO. 14-23934-BKC-LMI

ABRAHAM A. ELKOUBY,             Chapter 7

      Debtor.
_____/

### ORDER DENYING MOTION OF THEIA LLC TO COMPEL DEBTOR TO SURRENDER AND DENYING THE DEBTOR'S MOTION TO STAY

     This matter came before me on November 2, 2015 on the motion of Theia LLC ("Theia") to Reopen Bankruptcy Case and Compel Debtor to Surrender (ECF # 28)("Motion to Reopen") and the Motion of the Debtor, Abraham A. Elkouby (the "Debtor"), incorporated in the Debtor's Response to the Motion to Reopen (ECF #34), to stay any ruling on the matter, pending resolution of an appeal of a similar legal argument currently pending before the district court.

For the reasons more fully outlined below, the Motion to Compel is DENIED and the Motion to Stay is DENIED.

Section 521(a)(2) of the Bankruptcy Code[1] requires individual chapter 7 debtors to file a statement of intention advising whether, with respect to property securing debt, the debtor intends to retain or surrender such property, whether the property is exempt, and whether, if the debtor intends to retain the property, the debtor intends to redeem such property or reaffirm the debt encumbering such property. This case is the latest in an ongoing debate about the meaning of "surrender" and what the consequences of surrender are. The answer depends on what chapter the debtor has filed under, the nature of the property involved, and when the issue is brought before the court.

## FACTS

There are no material facts in dispute. The Debtor filed a chapter 7 voluntary petition on June 18, 2014 (ECF #1). At the time the Debtor filed for bankruptcy, he was involved in a foreclosure action brought by Newbury Place REO IBL, LLC, a predecessor-in-interest to the note and mortgage held by Theia (the "foreclosure action"). The bankruptcy petition included a statement of intention that indicated the Debtor planned to surrender the property involved in the foreclosure action, located at 210 174th Street #906, Sunny Isles Beach, Florida 33160 (the "Property"). The Debtor did not claim the Property as exempt on Schedule C, nor did the Debtor

---

[1] Title 11 of the United States Code.

list the debt as disputed.[2] Furthermore, the Debtor did not oppose Theia's Motion for Relief from Stay (ECF #11).

The Debtor received his bankruptcy discharge on September 26, 2014 (ECF #25) and the case was administratively closed shortly thereafter (ECF #27). Although the Debtor stated his intention to surrender the Property during the bankruptcy case, he never turned over the Property to Theia.[3] Moreover, the Debtor continued to defend the foreclosure action, including the filing of an answer and affirmative defenses and issuing discovery requests.

---

[2] Nothing in this opinion is intended to address whether and to what extent the failure to schedule a secured debt as disputed, or failure to schedule potential counterclaims against a foreclosing lienholder as an asset, has any collateral estoppel or judicial estoppel effect in an action to foreclose that lienholder's security interest. Of course events subsequent to the filing of the bankruptcy petition or the statement of intention may have an impact on the applicability of either of these doctrines. For the most part, such issues should be raised before, and decided by, the state court before which the foreclosure action is pending. *In re Kourogensis*, 539 B.R. 625 (Bankr. S.D. Fla. 2015). I recognize that many of my colleagues reopen bankruptcy cases to address disputes between debtors and lienholders with respect to surrendered property. However, the time for a lender to seek relief from the bankruptcy court due to a debtor's failure to perform a statement of intention is during the bankruptcy case, and the lender's failure to do so should foreclose the lender's return to bankruptcy court for such relief. *See In re Rodriguez*, No. 12-12043-BKC-AJC, 2015 WL 4872343, at *2 (Bankr. S.D.Fla. Aug. 12, 2015) (During the bankruptcy case a lender failed to tender a reaffirmation agreement to a debtor and did not move to compel the debtor to present a reaffirmation agreement notwithstanding the debtor's stated intention to reaffirm. The court refused to reopen the bankruptcy case three years later to compel the debtor to surrender the property because, among other reasons, the lender had "sat on its rights". The debtor's failure to perform his stated intention is a failure that the lender should have brought before the court during the pendency of the bankruptcy case.).

[3] At a hearing on November 9, 2015, both parties agreed that surrender is not synonymous with physical turn over of the Property. Virtually every court that has considered the meaning of surrender has agreed that surrender and turn over are not synonymous, whether surrender is to the chapter 7 trustee or to a lienholder, and whether surrender is in chapter 7 or chapter 13. *See, e.g., Pratt v. General Motors Acceptance Corp.* (*In re Pratt*), 462 F.3d 14 (1st Cir. 2006) (surrender means to make the collateral available); *In re Plummer*, 513 B.R. 135, 143 (M.D. Fla. 2014) ("'Surrender' does not require the debtor to turn over physical possession of the collateral" but rather allows the secured creditor or chapter 7 trustee, as the case may be "to obtain possession by available legal means without interference."); *In re Kasper*, 309 B.R. 82 (Bankr. D.C.C. 2004); *In re Kourgenis*, 539 B.R. 625 (Bankr. S.D. Fla. 2015); *In re Metzler*, 530 B.R. 894 (Bankr. M.D. Fla. 2015). *Accord Internal Revenue Serv. v. White* (*In re White*), 487 F. 3d 199, 205 (4th Cir. 2007) (Surrender in a chapter 13 case "entails the secured creditor ultimately holding all rights, including the right of possession, in the property securing the claim."); *In re Cornejo*, 342 B.R. 834, 836 (Bankr. M.D. Fla. 2005) ("'[S]urrender,' in the context of a Chapter 13 plan, means the relinquishment of any rights a debtor has in the collateral."). *See also* 4 Collier on Bankruptcy ¶521.16, p. 521-61 (16th ed. 2015).

> As a practical matter, in most consumer chapter 7 cases, the debtor surrenders only constructive possession of property to the trustee, unless the trustee demands that physical possession also be surrendered.… In this regard, the use of the word "surrender" rather than "turn over" is significant. Unlike the duty of a third party holding property of the estate to turn over that property under section 542, the debtor's duty is simply to relinquish the debtor's rights in property to the trustee, and to cooperate with the trustee's efforts to take possession of it should the trustee choose to do so.

3

In response to the Debtor's ongoing state court efforts, Theia filed the Motion to Reopen, arguing that the Debtor's defense of the foreclosure action is barred by the Debtor's stated intention to surrender. In support of its motion Theia has cited to several cases decided by other bankruptcy courts in Florida, including the Southern District of Florida, that have held that a debtor's election to surrender property in his or her statement of intention bars the debtor's defense of any foreclosure action. The Debtor argues that "surrender" only required the Chapter 7 Debtor to "surrender to the trustee," and that the Bankruptcy Code clearly provides that since the trustee did not administer the surrendered Property, the Property was abandoned back to the Debtor when the bankruptcy case was closed. Consequently, the Debtor argues, he should not be precluded from defending the foreclosure action.

## ANALYSIS

As always, we start with the statute itself. "[W]e begin with the understanding that Congress says in a statute what it means and means in a statute what it says there .... [W]hen the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms." *Gordon v. NovaStar Mortgage, Inc. (In re Hedrick)*, 524 F.3d 1175, 1186 (11th Cir. 2008) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).

Section 521 of the Bankruptcy Code outlines various obligations of all debtors seeking protection under any chapter of the Bankruptcy Code. Within section 521 there are various

---

I also agree that "surrender" and "turn over" are not synonymous.

However, courts do not necessarily agree what "not interfering" with the lender means. *Compare Failla v. Citibank, N.A.* (*In re Failla*), 542 B.R. 606, 610- 12 (S.D. Fla. 2015) (Surrender means the debtor is prohibited from "interfering or impeding the secured creditor's efforts to take possession of the property by available legal means."); *In re Calzadilla*, 534 B.R. 216 (Bankr. S.D. Fla. 2015) (same) *with Rodriguez*, 2015 WL 4872343 at *4 (Failure to surrender entitles a lienholder stay relief; surrender is "not a bar by injunction to defending a foreclosure action which would be unconstitutional, inequitable and unjust.").

4

provisions that apply only to individual debtors and some that only apply to individuals in a chapter 7 case. Section 521(a)(2) sets forth the obligations of an individual debtor in a chapter 7 case with respect to debts secured by property of the estate. The individual debtor must advise in a statement of intention[4] whether he or she intends to keep the property of the estate or surrender the property and whether the debtor claims the property is exempt. If the debtor is going to keep the property then the debtor must advise whether he will be redeeming the property or reaffirming the debt secured by the property.

Section 521(a)(4) of the Bankruptcy Code directs *any* debtor to surrender all property of the estate to the trustee, if a trustee has been appointed. While chapters 11, 12, and 13 specifically excuse the individual debtor from this obligation,[5] there is no exception for a chapter 7 debtor other than, implicitly, the property that the debtor seeks to retain whether by reaffirmation, redemption, or exemption.[6]

If an individual chapter 7 debtor[7] fails to timely file a statement of intention or fails to perform his or her intention within 45 days after the first meeting of creditors, and only with respect to *personal* property, the *personal* property loses its character as property of the estate[8]

---

[4] Official form number 8.

[5] 11 U.S.C. §§1207, 1306, 1115.

[6] For an excellent discussion on the different options set forth in 11 U.S.C. §521(2) (predecessor to 11 U.S.C. §521(a)(2)), *see In re Kasper*, 309 B.R. 82.

[7] While only a chapter 7 individual debtor is required to file a statement of intention, in an example of poor statutory drafting, 11 U.S.C. §1307 lists as a basis for conversion or dismissal a debtor's failure to file a statement of intention as required by section 521(a)(2), 11 U.S.C. §1307(c)(10), and includes in a chapter 13 trustee's duties an obligation to make sure the chapter 13 debtor performs his statement of intention as required by section 521(a)(2). 11 U.S.C. §1302(b)(1) incorporating by reference 11 U.S.C. §704(a)(3). Since a chapter 13 debtor has no obligation under section 521(a)(2) these Bankruptcy Code sections are meaningless. 4 Collier on Bankruptcy ¶521.14, p. 521-45 (16th ed. 2015).

[8] The automatic lifting of the stay provided in sections 521(a)(6) and 521(a)(7) (dangling paragraph) and in section 362(h)(1), applies to all personal property securing a claim, irrespective of whether that property is still property of the estate at the time the applicable deadlines have expired.

5

Case 14-23934-LMI    Doc 36    Filed 02/29/16    Page 6 of 14

CASE NO. 14-23934-BKC-LMI

and the automatic stay is lifted so that a lienholder may pursue its non-bankruptcy remedies.[9] Moreover, if a chapter 7 individual debtor fails to perform his or her statement of intention within 30 days after the first meeting of creditors, the debtor may "not retain possession of *personal* property" (emphasis added) as to which a creditor has an allowed claim for the purchase price of such *personal* property.[10]

The Bankruptcy Code directs a chapter 7 trustee to distribute property of the estate pursuant to the priority scheme of 11 U.S.C. §726 but, notwithstanding section 726, 11 U.S.C. §725 directs the chapter 7 trustee to "dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title." Thus, assuming the debtor is not retaining the property, and, assuming the debtor has not successfully claimed the property as exempt, and the lienholder has not already obtained stay relief or the trustee has not already abandoned the property to the lienholder,[11] a chapter 7 trustee "shall" dispose of the property, in some way, to the lienholder.[12] However, to the extent that any trustee has not administered property scheduled by the debtor under 11 U.S.C. §521(a)(1) prior to the closing of a bankruptcy case, that property is "abandoned to the debtor."[13]

In sum, the Bankruptcy Code unambiguously provides that with respect to property of the estate securing a debt, the individual debtor must choose to retain or surrender. Retention

---

[9] 11 U.S.C. §362(h)(1); 11 U.S.C. §521(a)(6); 11 U.S.C. §521(a)(7)(dangling paragraph). This is subject to the rights of the trustee to argue that the property has some value to the estate such that the stay should not be lifted. 11 U.S.C. §362(h)(2); 11 U.S.C. §521(a)(7)(dangling paragraph).

[10] It is not clear what "not retain possession" means. Nor is it stated who instead is entitled to the possession, although based on the context, presumably possession would be relinquished to the holder of the purchase money security interest. *See In re Alvarez, No. 10-B-28565,* 2012 WL 441257, (Bankr. N.D. Ill. Feb. 10, 2012).

[11] 11 U.S.C. §554(a) or (b).

[12] To my knowledge, I have not had a case where a chapter 7 trustee has offered, or any secured creditor has requested the trustee, to hand over the creditor's collateral as provided by 11 U.S.C. §725.

[13] 11 U.S.C. §554(c).

requires a choice – redeem, reaffirm or exempt.[14],[15] If the property is *personal property* and if the debtor does not timely state his or her intention or perform redemption or reaffirmation timely, the chapter 7 debtor cannot retain possession,[16] and the stay is lifted, unless the trustee takes action to preserve the estate's interest in the *personal* property.[17] However, there is no provision in the Bankruptcy Code that provides similar relief with respect to *real* property. The Bankruptcy Code requires that the holder of a claim secured by real property take affirmative steps to obtain relief if the debtor has not performed his statement of intention. Whether or not the property of the estate is real property or personal property, in chapter 7, surrender is to the trustee,[18] who may or may not choose to administer the property during the course of the bankruptcy case. If the property is not administered, it goes back to the debtor at the closing of the case, subject of course to any non-bankruptcy rights reserved to a lienholder, including the right to foreclose its security interest if appropriate.

---

[14] If the debtor successfully exempts the real property then the property is no longer property of the estate and the property is no longer subject to the requirements of section 521(a)(2). However a chapter 7 individual debtor still has the right to redeem the exempt property, as well as property that has been abandoned by the trustee to the debtor in accordance with section 554. 11 U.S.C. §722. Conversely, even if the property is abandoned back to the debtor, a lienholder still has its right to pursue its remedies against the collateral, limited only by the discharge injunction which limits the lender's *in personam* rights against the now former debtor, but not its *in rem* rights. *See In re Canning*, 706 F.3d 64 (1st Cir. 2013).

[15] In some jurisdictions courts had held there is a fourth option – do nothing – also referred to as "the ride through." *See, e.g. Price v. Delaware State Police Fed. Credit Union* (*In re Price*), 370 F.3d 362 (3rd. Cir. 2004); *McClellan Fed. Credit Union v. Parker* (*In re Parker*), 139 F.3d 668 (9th Cir. 1998); *Homeowners Funding Corp. v. Belanger* (*In re Belanger*), 962 F. 2d 345 (4th Cir. 1992). However, those cases have been overruled, at least in part – *see* n. 26 infra - by BAPCPA. *See DaimlerChrysler Financial Services Americas, LLC v. Jones* (*In re Jones*), 591 F. 3d 308 (4th Cir. 2010); *Dumont v. Ford Motor Credit Co.,* 581 F. 3d 1104 (9th Cir. 2009); *In re Miller*, 443 B.R. 54 (Bankr. D. Del. 2011). The "ride through" was never an option in the Eleventh Circuit. In *Taylor v. AGE Federal Credit Union* (*In re Taylor*), 3 F. 3d 1512 (11th Cir. 1993), the court held that an individual chapter 7 debtor must make and perform his statement of intention and if retention is the choice, then the debtor must redeem or reaffirm. *Accord Bank of Boston v. Burr* (*In re Burr*), 160 F. 3d 843 (1st Cir. 1998); *Johnson v. Sun Finance Co.* (*In re Johnson*), 89 F.3d 249 (5th Cir. 1996); *In re Edwards,* 901 F.2d 1383 (7th Cir. 1990).

[16] 11 U.S.C. §521(a)(6).

[17] 11 U.S.C. §362(h)(2); 11 U.S.C. §521(1)(7)(dangling paragraph).

[18] 11 U.S.C. §521(a)(4).

7

What the Bankruptcy Code does not state, anywhere, is that real property surrendered by an individual chapter 7 debtor is ever surrendered to the lienholder.[19] *See In re Kasper*, 309 B.R. 82, 89 (Bankr. D.D.C. 2004). Another basic rule of statutory construction is "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. U.S.*, 464 U.S. 16, 23 (1983)(citation omitted); *U.S. v. White*, 466 F. 3d 1241, 1246 (11th Cir. 2006). The Bankruptcy Code specifically deals with surrender of *personal* property to the holder of a purchase money security interest if an individual debtor does not perform his statement of intention. The Bankruptcy Code gives the holder of a lien on *personal* property automatic stay relief if the chapter 7 debtor doesn't timely perform his statement of intention. The Bankruptcy Code also specifically excuses surrender by a chapter 11, 12, or 13 debtor to a trustee, but specifically requires that if such debtor is not retaining the collateral, either the lienholder gets the collateral or it gets paid the value of the collateral.[20] If Congress, which amended several provisions of section 521 when it enacted BAPCPA, wanted to require a chapter 7 debtor to surrender property to a lienholder instead of, or subsequent to, surrender to a chapter 7 trustee, Congress knew how to draft such a provision. Thus, it is apodictic that a lienholder cannot, in any court, assert that a debtor's indicated intent to surrender real property in a chapter 7 case has any consequence with respect to the lienholder post-

---

[19] Some courts have cited a footnote in *Taylor* where, when describing surrender, the court wrote "[s]urrender provides that a debtor surrender the collateral to the lienholder who then disposes of it pursuant to the requirements of state law." 3 F.2d at 1514, n.2. This footnote is clearly dicta, *In re Plummer*, 513 B.R. 135 (Bankr. M.D. Fla. 2014). Had the court analyzed surrender in the context of chapter 7, presumably it would not have made such a broad statement, since surrender of collateral to the lienholder is not an option in chapter 7, except, perhaps with respect to surrender of personal property pursuant to 11 U.S.C. §521(a)(6), a section of the Bankruptcy Code that did not exist when *Taylor* was decided. The *Taylor* footnote illustrates why dicta is not binding - because dicta is recognized as something not relevant or not directly relevant to the facts of the case before the court. As the Eleventh Circuit has repeatedly noted "dicta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010). *See Hillson v. GDCP Warden*, 759 F. 3d 1210 (11th Cir. Cir. 2014); *Pretka v. Kolter City Plaza 11, Inc.*, 608 F. 3d 744 (11th Cir. 2010).

[20] See 11 U.S.C. §§ 1129(b)(2); 1225(a)(5); 1325(a)(5).

bankruptcy, including precluding that debtor from defending an action by a lienholder to foreclose its security interest in real property.

Notwithstanding the express provisions of the Bankruptcy Code, cases around the country, including cases in this district, have held that a chapter 7 debtor who indicates in his statement of intention that he is surrendering property, has, by so stating, agreed that he is surrendering to the lienholder and has, therefore, forfeited his right to contest any post-discharge action to foreclose the lienholder's security interest. *In re Metzler*, 530 B.R. 894 (Bankr. M.D. Fla. 2015);[21] *In re Failla*, 529 B.R. 786 (Bankr. S.D. Fla. 2014), *aff'd sub nom. Failla v. Citibank, N.A.* (*In re Failla),* 542 B.R. 606 (S.D. Fla. 2015); *In re Steinberg*, 447 B.R. 355 (Bankr. S.D. Fla. 2011). *Accord In re Kourogenis*, 539 B.R. 624 (Bankr. S.D. Fla. 2015) (assumes in *dicta* that surrender in chapter 7 requires surrender to the lienholder). *Cf. In re Kasper*, 309 B.R. 82 (surrender in chapter 7 is to the chapter 7 trustee).[22]

---

[21] The *Metzler* court reviewed a chapter 7 case and a chapter 13 case together in its opinion but, notwithstanding the different chapters, analyzed the two cases in the same way. However, that analysis is flawed because while surrender means the same thing in chapter 7 and chapter 13, the consequences of surrender in chapter 7 and chapter 13 are not the same.

[22] Several of these courts have also held that such debtors have defrauded the bankruptcy court such that their discharges are at risk or are lost. While not an issue in this case, the remedies suggested by these courts are also in direct conflict with the Bankruptcy Code. The Bankruptcy Code addresses when and under what circumstances a debtor may lose his discharge. Failure to fully perform a statement of intention is not among them. In chapter 7, if the debtor interferes with the chapter 7 trustee's administration of estate property, the debtor could lose his discharge. *See, e.g.*, 11 U.S.C. §§727(a)(2)(B) and 727(d)(2). If a chapter 12 or chapter 13 debtor fails to surrender property to a lienholder in accordance with a confirmed plan, that debtor has violated a court order, the consequences of which, pre-discharge may be dismissal, or conversion (11 U.S.C. §§1208 and 1307), and, post-discharge is the collateral estoppel effect of the confirmation order. 11 U.S.C. §§1227 and 1327 (unless the creditor could prove fraud and only for one year after discharge 11 U.S.C. §§1228(d) and 1328(e)). While these courts rely on 11 U.S.C. §105, the Supreme Court has made very clear that the bankruptcy courts may not use their equitable powers to override express provisions of the Bankruptcy Code, no matter how badly a debtor has behaved. *Law v. Siegel*, 134 S.Ct. 1188 (2014). *Accord Norwest Bank Worthington v. Ahlers*, 485 U.S. 197 (1988). *Cf.* 4 Collier on Bankruptcy s ¶521.14, p. 521-53 (16th ed. 2015):

> The 2005 amendments to the Bankruptcy Code, by specifying particular consequences in certain situations involving the statement of intentions clarify the law [regarding options and ride-through] to some degree. While these [added] provisions … have their ambiguities and uncertainties, they at least delineate situations in which Congress intended some consequences to flow from the failure to comply with the requirement of filing a statement of intentions or the failure to perform specific acts with respect to the statement. It

The debtors in *In re Failla* filed a chapter 7 bankruptcy case on August 31, 2011. Like the Debtor here, the Faillas scheduled real property as encumbered by a mortgage and, in the statement of intention, indicated the property was going to be surrendered. The debtors did not list the property as exempt. Significantly, the debtors also did not list the debt to the mortgage holder as disputed or contingent. The debtors received their discharge in 2011. After the bankruptcy case was completed, the mortgage lender continued the pre-petition foreclosure action, and the debtors actively defended that action. In late 2014 the mortgage holder moved to reopen the Faillas' bankruptcy case and asked the bankruptcy court to compel the debtors to surrender the property in accordance with the statement of intention (that is, stop defending the foreclosure action).

The court acknowledged that section 521(a)(1) and (a)(2) do not identify to whom a debtor should surrender property in order to perform the statement of intention. Nonetheless, the court concluded that a chapter 7 debtor who has not scheduled property as exempt and who has agreed to surrender the property (and as a result claimed the wild card exemption[23]), has committed a fraud on the court by resisting the lender's foreclosure action,[24] the consequence of which puts the debtor's discharge in jeopardy.[25]

The *Failla* court, and the opinions on which it relies, did not address whether and to what extent the debtors' non-interference with the chapter 7 trustee's administration of the property in

---

must be assumed that if Congress intended any other consequences to result from such failure it would have stated them is these new detailed provisions.

[23] Fla. Stat §222.25(4). This statute allows a Florida debtor who does not claim, or receive the benefit of, a homestead exemption in a bankruptcy case, to claim an additional $4000 in personal property exemptions, in addition to the $1000 in personal property exemption to which all Florida individual debtors are entitled.

[24] The court did not address the lender's delay of three years before seeking relief from the bankruptcy court for the debtor's failure to stand down in the foreclosure action. *Compare In re Rodriguez*, 2015 WL 4872343 (the court held a lender's delay of over three years after a bankruptcy discharge to seek to reopen the chapter 7 case to compel surrender - relief to which the court held the lender was not entitled in any event - was barred by laches, and the court denied the lender's motion to reopen).

[25] The court conflates the debtor challenging a debt scheduled as undisputed, an issue addressed by collateral estoppel or judicial estoppel, *see n. 2 supra*, with the debtor's perceived failure to surrender which, as I have already held, has different consequences in different chapters.

10

question meant the debtors complied with their stated intention to surrender, but assumed, based on *Taylor v. AGE Federal Credit Union* (*In re Taylor*), 3 F. 3d 1512 (11th Cir. 1993), that surrender in chapter 7 means complete forfeiture of any defense to a lienholder's foreclosure of its interest in the collateral.[26] That question was answered in a recent district court opinion that affirmed the *Failla* ruling. In *Failla v. Citibank N.A.* (*In re Failla*), 542 B.R. 606 (S.D. Fla. 2015) (the *"Failla* appeal*"*), the district court held that it is not critical to determine whether the property should be surrendered to the trustee or the secured creditor, but "rather, the critical question is what is the legal effect of the debtor's decision to surrender the property." 542 B.R. at 611. The answer, according to the district court is

> that once the debtor decides to "surrender" secured property, the debtor has abandoned any interest or claim that he may have had to the property as against the trustee, if the trustee decides to administer the property, or against any secured creditor the debtor listed in the filed schedules having a valid, undisputed, non-contingent and enforceable secured lien on the property.

*Id*. However, the district court did not cite to any Bankruptcy Code section that would support its conclusion. In fact, there is no Bankruptcy Code section that provides that if a chapter 7 trustee doesn't administer surrendered real property what follows is a second surrender –

---

[26] The *Taylor* court held that "ride through' should not be a fourth option to a chapter 7 debtor because "[a]llowing a debtor to retain property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside risk". 3 F.2d at 1516. However, this observation was made in the context of ruling that a debtor who intends to *retain* property must redeem or reaffirm. The *Taylor* court, other than its casual inference in a footnote, never discussed the *surrender* option. *See n. 19 supra*. The discharge of personal liability with respect to a debt that continues to be secured by collateral is a fundamental aspect of the Bankruptcy Code. To hold that a debtor must either reaffirm a debt secured by real estate or give up the asset is not required by or consistent with the bankruptcy system. *Accord Johnson v. Home State Bank*, 501 U.S. 78 (1991) (in holding that a chapter 13 debtor whose *in personam* obligation to a secured creditor was discharged in a chapter 7 case could nonetheless treat the secured creditor's lien in the chapter 13 plan, the Supreme Court implicitly acknowledged that a debtor whose *in personam* liability is discharged can retain possession of the collateral). *But see In re Steinberg*, 447 B.R. 355 (Bankr. S.D. Fla. 2011) (the case seems to suggest that the lender does not have to accept post-discharge payments on a non-recourse obligation). Collier on Bankruptcy suggests that the additions of sections 521(a)(6), 521(a)(7)(dangling paragraph) and 362(h) in 2005, which additions clearly eliminate the ride through option for *personal property*, as well as the enactment of 11 U.S.C. §524(j), evidence first, that until BAPCPA there *was* a ride through option, and, second, by specifically eliminating the ride through for personal property, *Taylor* has been partially overruled, and there still is a ride through option for real property. 4 Collier on Bankruptcy ¶521.14, p. 521-53 (16th ed. 2015).

surrender to the lienholder. Rather, what the Bankruptcy Code specifically provides is that what follows is the property is abandoned to the debtor.

The lienholder in a chapter 7 case is not without recourse. The Bankruptcy Code allows the lienholder to seek stay relief; the Bankruptcy Code allows the lienholder to compel the chapter 7 trustee to abandon the property; the Bankruptcy Code allows the lienholder to demand the property from the chapter 7 trustee; the Bankruptcy Code allows the lienholder to ask the bankruptcy court to compel the debtor to comply with his statement of intention.[27] What the Bankruptcy Code does not allow the lienholder to do is wait three years, or even three months, and then come back to the bankruptcy court and seek relief to which it is not entitled.

The assumption that if the chapter 7 debtor states it will surrender property to the trustee, and the trustee doesn't administer the asset, somehow the debtor is "getting away with something" if the debtor does not then surrender to the lienholder, is a conclusion that is not supported by the Bankruptcy Code.[28] The Bankruptcy Code does not penalize the debtor if the trustee chooses not to administer property surrendered by the chapter 7 debtor. The discharge of personal liability is not, as suggested by the district court in the *Failla* appeal, a consequence that dictates a punitive response if the right to surrendered property reverts to the chapter 7 debtor at

---

[27] Because debtors were encountering difficulty getting lenders to execute reaffirmation agreements, the Southern District of Florida adopted a local rule giving the *debtor* the option of filing a motion to compel the lender to perform. Local Rule 1007-3.

[28] The cases that hold otherwise ignore a fundamental fact – while the Bankruptcy Code requires an individual debtor to file a statement of intention and perform that statement of intention, the Bankruptcy Code does not require the party on the other end of the intention to accept tender of performance. *In re Canning*, 706 F.3d at 69-70. *But, c.f.*, *Pratt v. General Motors Acceptance Corp.* (*In re Pratt*), 462 F.3d 14 (1st Cir. 2006) (secured lender's refusal to repossess a worthless vehicle or release the lien on the vehicle violated the discharge injunction). A debtor has satisfied his obligations if the debtor has tried to perform his intention. The debtor is not punished if the secured creditor or the trustee does not accept performance. *See In re Molnar,* 441 B.R. 108 (Bankr. N.D. Ill. 2010) (the debtor timely performed his intention by reaching out repeatedly to the secured lender during the 30 day period to discuss redemption, which overtures the lender ignored); *In re Hinson,* 352 B.R. 48 (Bankr. E.D.N.C. 2006) (the debtor timely performed her statement of intention by signing a reaffirmation agreement even though the lender did not accept the signed agreement because the debtor had removed attorney fee language that was outside the original loan agreement); *In re Alvarez, No. 10–B–28565,* 2012 WL 441257 at 7 (Bankr. N.D. Ill., Feb. 10, 2012) (a debtor's obligation to perform his intention "requires only acts within the debtor's control").

the conclusion of a chapter 7 case. That result is what the Bankruptcy Code provides, and any modification to that result is up to Congress, not the courts.

The Debtor has asked that I stay my ruling until resolution of *Dolan v. Carrington Mortgage Services*, Case No. 9:15-CV-80879-DMM (S.D. Fla. 2015). There is no reason to do so. The Southern District of Florida is not a single judge district; accordingly, the holding of one district judge in a case is not binding on a bankruptcy judge in any other case.[29]

## CONCLUSION

A chapter 7 debtor who indicates surrender of real property in his statement of intention is not obligated to surrender that property to the lienholder, whether or not the property is administered by the chapter 7 trustee. Compulsory surrender of real property collateral by a debtor to a lienholder in chapter 7 is not supported by, and indeed ignores, the express provisions of the Bankruptcy Code. And, consequently, I must disagree with my colleagues who have held otherwise.

In this case the Debtor performed his stated intention to surrender with respect to the Property because he did not interfere with the Chapter 7 Trustee's administration of the Property. Theia took no action in the bankruptcy case other than to seek stay relief, which it obtained. Because the Debtor's surrender in this case was to the Chapter 7 Trustee and not to Theia, I do not need to determine whether and to what extent surrender to a lienholder, as required by chapter 12 or 13, requires a debtor to relinquish defenses to foreclosure. Consequently, there is

---

[29] Courts are not in agreement regarding when and to what extent a bankruptcy court is bound by the holdings of a district court as controlling precedent. *Compare Health Services Credit Union v. Shunnarah* (*In re Shunnarah*), 273 B.R. 671 (M.D. Fla. 2001) (finding bankruptcy courts are "inferior" and bound by published district court opinions, unless an opinion that contains a different holding is published) *with In re Romano,* 350 B.R. 276 (Bankr. E.D. La. 2005) (holding a single decision of a district court in a multi-judge district is not binding upon a bankruptcy court in the district). I have previously ruled that in the absence of direction from the Eleventh Circuit to the contrary, at least in non-single court districts such as the Southern District of Florida, district court opinions may be persuasive, but they are not binding precedent. *Committee v. FDIC as Receiver* (*In re BankUnited Financial Corp.*)*,* 442 B.R. 49 (Bankr. S.D. Fla. 2010).

no purpose in reopening the bankruptcy case,[30] and Theia's Motion to Compel is denied. The Debtor's Motion to Stay is also denied.

# # #

Copies to:
John C. Brock, Jr., Esq.
Matis H. Abarbanel, Esq.

Attorney Abarbanel shall serve a copy of this Order upon all parties in interest and file a certificate of service with the clerk of the court.

---

[30] A bankruptcy court may reopen a case to "administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. §350. "A decision to reopen a case under section 350(b) is based on 'the particular circumstances and equities of each case'. … When deciding whether to reopen a closed case, courts generally consider the benefit to creditors, the benefit to the debtor, the prejudice to the affected party and other equitable factors." *In re Rodriguez*, 2015 WL 4872343 at *1-2.